# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GENESIS OFFICE SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Civil Case No.: PJM 14-2704** |
| | * | |
| **PNC BANK, NATIONAL ASSO.** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S RULE 56 MOTION FOR SUMMARY JUDGMENT

Genesis Office Systems, Inc. (hereafter "Genesis"), Plaintiff, by and through its attorney, Rickey Nelson Jones, pursuant to Federal Rules of Civil Procedure, Rule 56, moves the court to grant summary judgment for Plaintiff. As grounds therefor, he says:

## UNDISPUTED FACTS

1. In May 2014, Plaintiff's C.E.O. Mr. Ronald Hawkins visited one of Defendant's bank branches for the purpose of redeeming two company Certificates of Deposit (hereinafter "CDs").

2. The CDs were for ten thousand dollars ($10,000.00) and one hundred thousand dollars ($100,000.00), the former acquired in 1997 and the latter acquired in 2001. See. Attached Exhibit "A-i & A-ii"

3. The CDs had automatic renewal provisions at maturity, for the same period, bearing the interest rate then in effect.

4. The CDs were acquired by the company for future use whenever business needs so dictated.

5. Plaintiff's C.E.O., Ronald Hawkins, is the only company official with authority to redeem CDs, write checks, authorize financial expenditures, etc.

6. Upon visiting Defendant's Prince Frederick, Maryland, bank branch and presenting the CDs for redemption, officials there refused to permit redemption, claiming a need for research.

7. A week later, Plaintiff's C.E.O. was informed that the only records Defendant had on the CDs were two pages entitled <u>Certificate of Deposit Statement</u>, showing "TD REDEMPTION." <u>See</u>. Attached Exhibit "B-i & B-ii"

8. Plaintiff's C.E.O. informed Defendant that the CDs were never redeemed, showed Defendant's officials the original Certificates of Deposit, and informed them that no other person in the company had authority to redeem the CDs but him and he had not done so.

9. Plaintiff requested that Defendant give proof of the redemption by providing [i] the name of the person who redeemed the CDs, [ii] the signature of the person who redeemed the CD, and/or [iii] some video of someone redeeming the CDs.

10. Defendant failed to provide any proof but refused to return Plaintiff's funds as promised when the CDs were obtained.[1]

# THE LAW

**Federal Rules of Civil Procedure: Summary Judgment**

Fed.R.Civ.P, Rule 56(c)(2) states, "The judgment sought should be rendered if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The United States Supreme Court provided clear instructions about granting a motion for summary judgment in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 91 L.Ed 2d 265, 106 S.Ct. 2548 (1986).  It said, "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." 91 L.Ed 2d at 274.  The Supreme Court also outlined the Judge's role when a motion for summary judgment is before him or her in <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 91 L.Ed 2d 202, 106 S.Ct. 2505 (1986).  It said, "It is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial...."  <u>Anderson</u>, 91 L.Ed 2d at 212.  Nonetheless, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' "  <u>Celotex Corp</u>. 477 U.S. at 327.  It remains firm that the absence of material facts in genuine dispute should produce judgment for the movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 91 L.Ed 2d 202, 106 S.Ct. 2505 (1986); <u>Matsushita</u>

---

[1] The facts in paragraphs 1-10 were sworn to, under penalty of perjury, by Mr. Hawkins.

Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed 2d 538 (1986).

**Maryland Commercial Law**

Annotated Code of Maryland, Commercial Law Article, Section 3-104(j), *Negotiable Instruments* (hereinafter "Code, CL, Sec.???"), reads as follows, "Certificate of deposit" means an instrument containing an acknowledgment by a bank that a sum of money has been received by the bank and a promise by the bank to repay the sum of money.  A certificate of deposit is a note of the bank."

Code, CL, Sec. 3-602(a), *Payment,* reads as follows, "(a) Subject to subsection (b), an instrument is paid to the extent payment is made (i) by or on behalf of a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument…."

Code, CL, Sec. 3-412, *Obligation of issuer of note or cashier's check,* reads as follows, "The issuer of a note or cashier's check or other draft drawn on the drawer is obliged to pay the instrument (i) according to its terms at the time it was issued…."

# ARGUMENT

When Plaintiff's C.E.O. presented the CDs for redemption, Defendant was legally required to return the company's funds, plus interest.   While it is understandable that the Defendant would desire to do some research for funds exceeding one hundred thousand dollars, it is not understandable that it would create some document showing the funds were redeemed without producing a document of the signature of the one redeeming.  Since Defendant has admitted, in writing, that it does not have any records other than what it created to support its refusal to return

Plaintiff's funds (Exhibits "B-i & B-ii"), refusing to honor its obligation to return Plaintiff's funds is unjustifiable.  Code, CL, Sec. 3-602(a), *Payment,* makes it clear that payment is not made until the instrument IS paid by the party obliged to the person entitled to such payment.  Maryland Law does not permit non-payment because a bank has lost records and then creates a document that is void of the most essential element to establish payment, i.e., the signature of the one paid.   The sheer amount involved herein bars what the Defendant has done.  Any bank "paying out" over one hundred and ten thousand dollars (at anytime) must obtain either a signature or at least the identify of the person being given such a substantial amount of money belonging to a corporation.  The CDs Plaintiff acquired in 2001 placed a legal obligation on Defendant to repay them upon request. Section 3-104(j), *Negotiable Instruments*.   There was an automatic renewal provision (See. Attached Exhibit "A-i"), and therefore, Defendant had an obligation to keep records concerning the certificates.  Defendant's claims about not needing to keep records beyond seven (7) years is patently unreasonable in light of the automatic renewal provision.  Moreover, no bank regulation on the state level or national level, no secured transactions law, and no internal policy can negate Defendant's clear legal obligation to pay the notes according to their terms. Code, CL, Sec. 3-412, *Obligation of issuer of note or cashier's check*.

In desperation, Defendant has claimed that records acquired from Plaintiff's tax preparer during years after the CDs were acquired suggest redemption of them. Attached as Exhibit "C" is a financial summary from the tax preparer of critical

records he did not create.  They show a CD balance for FY 2001 of $113,980.00.  This reflects the $110,000.00 CDs Plaintiff acquired.   Exhibit "C" also shows Loans from the C.E.O. to Plaintiff totaling $147,502.   As the attached Affidavit establishes, Plaintiff is a family business that employs the C.E.O.'s relatives.  As a family business, personal money of the C.E.O. was used often to sustain the business.   Since the loans from the C.E.O. exceeded the CD funds, after 2001 the CD funds were removed from the books since the company owed more than their value.  In essence, the CD funds are not reflected on Exhibit "C" or the tax returns after 2001 because, for all intents and purposes, the company was in debt to the C.E.O. beyond what the CDs were worth.   The C.E.O.'s personal financial health enabled him to leave the company CDs in the bank, as such, for over a decade as security for the business.  In 2014, the business was in need of finances and that led the C.E.O. to visit Defendant's bank to redeem them.[2]   Defendant's extrapolation about the CDs being redeemed is incorrect, and such speculation can never negate Defendant's legal duty to return Plaintiff's funds per Maryland Annotated Code, Commercial Law Article.

   **WHEREFORE,** Plaintiff respectfully requests that Summary Judgment be entered for Plaintiff, awarding all damages requested and such other and further relief the court deems proper.

                                                          /s/
                                        Rickey Nelson Jones
                                        Law Offices of Reverend Rickey
                                           Nelson Jones, Esquire

---

[2] Defendant, in another desperate attempt, has claimed that Plaintiff's corporate status has been revoked in Maryland.  This oversight requires the formality of paying a fee and filing revival documents.  Plaintiff's counsel has begun that process.

             3rd Floor — Suite 5
             1701 Madison Avenue
             Baltimore, Maryland 21217
             410-462-5800 / joneses003@msn.com

         *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

 Genesis Office Systems, Inc., hereby gives notice that on this 9th day of March, 2015, it served (via CM/ECF) "Plaintiff's Rule 56 Motion for Summary Judgment" on Defendant's counsel of record – Michael S. Barranco, TREANOR POPE & HUGHES, PA., 500 York Road, Towson, Maryland 21204.

              /s/
            Rickey Nelson Jones

            *Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GENESIS OFFICE SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Civil Case No.: PJM 14-2704** |
| | * | |
| **PNC BANK, NATIONAL ASSO.** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ORDER

Upon the "Plaintiff's Rule 56 Motion for Summary Judgment," it is this

_____ day of _____, 2015, by the United States District Court for the District of Maryland

ORDERED that Summary Judgment be, and hereby is, GRANTED to the Plaintiff, with all requested damages.

_____
JUDGE