UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **GENESIS OFFICE SYSTEMS, INCORPORATED**<br><br>    Plaintiff<br><br>v.<br><br>**PNC BANK, NATIONAL ASSOCIATION**<br><br>    Defendant | *<br>*<br>*   Civil Action No. 14-cv-02704-PJM<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
PNC BANK, NATIONAL ASSOCIATION'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, PNC Bank, National Association ("PNC Bank"), by its undersigned counsel, hereby submits its Memorandum of Law in Support of its Motion for Summary Judgment and states as follows:

**INTRODUCTION**

On July 1, 2014, the Plaintiff, Genesis Office Systems, Incorporated ("Genesis Office") filed its Complaint and demand for Jury Trial in the Circuit Court for Calvert County. The Complaint alleges that in May of 2014 the owner and CEO of Genesis Office attempted to redeem two bank certificates of deposit ("CD") that Genesis Office had secured at Calvert Bank and Trust Company, which was a predecessor to PNC Bank.  The Complaint alleges that a CD in the amount of $10,000 was secured in 1997 and the second CD in the amount of $100,000 was secured in 2001.  Complaint ¶ 3 and Exhibit A to the Complaint.  Genesis Office alleges that the only records available, statements from Calvert Bank and Trust Company, evidenced that the

CDs were redeemed more than a decade prior the time the lawsuit was filed.  Complaint ¶ 8 and statements attached to the Complaint as Exhibit B. Genesis Office claims that it did not redeem the CDs and it demands judgment against PNC Bank for the amount of the CDs, plus interest, court costs and attorneys' fees. *See* Complaint ¶ 9 and *ad damnum* clause of the Complaint.

PNC Bank timely removed the lawsuit to this Court.  The scheduling order entered in the case provided that the discovery deadline was February 5, 2015 and the deadline for dispositive pretrial motions is March 9, 2015.

PNC Bank submits that the undisputed evidence in the case demonstrates that the certificates of deposits at issue in the case were redeemed more than a decade prior to the date Genesis Office filed this lawsuit.   Moreover, even if Genesis Office disputes that the CDs were redeemed, its claims are barred by Maryland's general three (3) year statute of limitations. Finally, the corporate charter of Genesis Office was forfeited on October 3, 2014, thus it lacks standing to continue the prosecution of the lawsuit. For these reasons, summary judgment is appropriate and the motion should be granted.

## UNDISPUTED MATERIAL FACTS

1.  On March 26, 1997, Genesis Office secured a CD in the amount of $10,000.  The term of the CD was 6 months with a maturity date of September 26, 1997, and the interest rate applicable at the time was 4.6% with an APR of 4.65%.  *See* copy of Certificate of Deposit attached as Exhibit A to the Complaint.

2.  On August 29, 2001, Genesis Office secured a CD in the amount of $100,000.  The term of the CD was 12 months with a maturity date of August 29, 2002, and the interest rate applicable at the time was 3.94% with an APR of 4%.  *See* copy of Certificate of Deposit attached as Exhibit A to the Complaint.

3. With respect to the $10,000 CD, the Calvert Bank and Trust Company statement attached to the Complaint as Exhibit B evidences that the CD renewed on a six (6) month basis on nine occasions. The statement evidences that the first six month renewal was on September 26, 1997 in the amount of $10,231.89 (consistent with the 4.6% initial interest rate). The statement evidences that the CD was redeemed in the amount of $12,482.92 on March 29th. Taking into account the initial six month term beginning on March 26, 1997 and nine renewals, the CD existed for a total of five (5) years and was redeemed on March 29, 2002.

4. With respect to the $100,000 CD, the Calvert Bank and Trust Company statement attached to the Complaint as Exhibit B evidences that the CD renewed on a twelve (12) month basis on only one occasion. The statement evidences that only renewal was on August 29, 2002 in the amount of $103,998.60 (consistent with the 4% APR). The statement evidences that the CD was redeemed a short time later in the amount of $103,998.60 on September 9, 2002.

5. Genesis Office filed a U.S. Corporate Income Tax Return 2001 with a tax year beginning on April 1, 2001 ending March 31, 2002. *See* Exhibit One to this Motion. The tax return evidences that Genesis Office reported $2,004 total interest income and had cash (including CDs) on hand at the end of the tax year totaling $141,123 including CDs at Calvert Bank totaling $113,980. The preparation date of the tax return indicated at the bottom of the first page of the return is December 26, 2002.

6. Genesis Office filed a U.S. Corporate Income Tax Return 2002 with a tax year beginning on April 1, 2002 and ending on March 31, 2003. *See* Exhibit Two to this Motion. The tax return evidences that Genesis Office reported zero interest income for this tax year. The tax return further evidences that total cash on hand was reduced from $141,123 (at the beginning of the tax year) to $23,421 as of the end of the tax year. The return does not evidence the existence

of any CD at Calvert Bank. The preparation date of the tax return indicated at the bottom of the first page of the return is January 16, 2004.

7. In response to a subpoena for documents issued by PNC Bank, the tax accountant for Genesis Office produced a summary for the fiscal years 1998 through 2004. *See* Exhibit Three to this Motion. According to the Plaintiff's accountant, the funds from the two CDs at issue in this case "were used to sustain a loss and repay shareholder debt." *Id.*

8. According to public records on file with the Maryland State Department of Assessment and Taxation, the SDAT forfeited the corporate charter on October 3, 2014 for failure to file property return for 2013. See Exhibit Four.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S. Ct. 2548, 2553–54, 91 L. Ed. 2d 265 (1986). Materiality is determined by the substantive law governing the case, and only genuine disputes over facts that might affect the outcome of the suit will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When reviewing a motion for summary judgment, the Court is to "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520, 111 S. Ct. 2419, 2435, 115 L. Ed. 2d. 447 (1991) (citing *Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d 202).

However, in order to defeat a motion for summary judgment, the non-moving party must produce "evidence from which a [fact finder] might return a verdict in [his or her] favor."

*Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514, 91 L. Ed. 2d 202.  The non-moving party cannot produce a mere "scintilla of evidence" in support of his or her position; rather, he or she must show evidence upon which the fact finder "could reasonably find for the plaintiff." *Id*. at 252, 106 S. Ct. at 2512, 91 L. Ed. 2d 202.

## ARGUMENT

A.         The tax returns and summary produced by Genesis Office's tax accountant proves that both CDs were redeemed prior to March 31, 2003.

Prior to this lawsuit being filed, PNC Bank provided to Genesis Office a copy of the bank statements evidencing that the CDs were redeemed in 2002. Genesis Office attached these bank statements to its Complaint as Exhibit B. The tax returns for Genesis Office produced by its tax accountant reflect that Genesis Office reported interest income for the tax year 2001, but no interest income for the tax year 2002. *See* Exhibits One & Two. The income tax returns for Genesis reflect the existence of CDs at Calvert Bank in the amount of $113,980 for tax year 2001, but do not reflect the existence of the CDs at the end of tax year 2002. *Id.* The 2002 income tax return evidences on its balance sheet (Schedule L) that cash (including CDs) at the beginning of the year was $141,123; however, cash at the end of the year was $23,421. According to the summary for fiscal years 1998 through 2004, the "funds [from the two CDs] were used to sustain [a] loss and repay shareholder debt." *See* Exhibit Three.

Thus, according to the tax returns filed under penalty of perjury by Genesis Office, and the summary prepared by its own accountant, the CDs were redeemed in 2002, consistent with the bank statements provided by PNC Bank that are attached to the Plaintiff's Complaint.

B.         Even if Genesis Office disputes that it redeemed the CDs, its claims are barred by the three year statute of limitations.

The general statute of limitations for contract and debt actions in Maryland is three years.

5

*See* Md. Code Ann., Cts. & Jud. Proc. § 5-101.  It is undisputed that Calvert Bank & Trust Company recorded the CDs as having been redeemed in 2002.  According to the tax returns filed by Genesis Office, the cash on hand dropped $117,000 from fiscal year 2001 to fiscal year 2002 to $23,421.  Genesis reported zero interest income after the CDs were redeemed.

Under the discovery rule, the statute of limitations begins to run when a plaintiff knows or should have known of the potential claim. *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167-68, 857 A.2d 1095, 1104 (2004) (Actual knowledge is not required if the plaintiff is on "inquiry notice." Inquiry notice means the plaintiff possesses " 'facts sufficient to cause a reasonable person to investigate further, and . . . [that] a diligent investigation would have revealed that the plaintiffs were victims of' " the alleged misconduct. *Id.* (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49, 550 A.2d 1155, 1163-64 (1988)).

Even if it is the case that Genesis Office disputes that it redeemed the CDs (despite compelling evidence to the contrary), it knew or should have known from its own corporate income tax returns that the CDs no longer existed.  Certainly, as of January 16, 2004 (the preparation date of the 2002 tax return) it possessed facts sufficient to cause a reasonable person to investigate further what had happened to the CDs.  Despite receiving nothing from the bank (such as a bank statement or interest income statement) for a period of over a decade, Genesis Office did nothing until it filed suit in July of 2014.  Its claim for money is clearly time barred.

  C.  The corporate charter of Genesis Office is forfeited--it has no power to continue <u>the prosecution of this lawsuit.</u>

The Maryland State Department of Assessments and Taxation ("SDAT") forfeited the charter of the Plaintiff on October 3, 2014.  A corporation, the charter for which is forfeit, is a legal non-entity.  All powers granted to Genesis Office by law, including the power to sue were

extinguished generally as of and during the forfeiture period. *See* Md. Code Ann., Corps. & Ass'ns §§ 3-503(d) and 3-515 (West 2015)

Thus, Genesis has no power or standing to continue this lawsuit, the lawsuit is a nullity and summary judgment in favor of PNC Bank is appropriate on that grounds alone. *See Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 162, 857 A.2d 1095, 1101 (2004) (complaint filed after corporate charter forfeiture is a nullity); *Tri-County Unlimited v. Kids First Swim School*, 191 Md. App. 613, 620, 993 A.2d 146, 150 (2010) (same); *Hill Constr. v. Sunrise Beach, LLC*, 180 Md. App. 626, 630-38, 952 A.2d 357, 360-64, (2008) (forfeiture of firm's corporate charter during pendency of action rendered firm without standing to maintain suit).

## CONCLUSION

Wherefore, for all the above reasons, PNC Bank requests that the Court grant its Motion for Summary Judgment and enter judgment in its favor accordingly.

   /s/ Michael S. Barranco
Michael S. Barranco, Bar No. 04036
TREANOR POPE & HUGHES, P.A.
500 York Road
Towson, Maryland  21204
Tel: (410) 494-7777
Fax: (410) 494-1658
email:  msbarranco@tph-law.com

Attorney for Defendant,
PNC Bank, National Association

**CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of March, 2015, that a copy of the foregoing Motion for Summary Judgment of PNC Bank, National Association, Memorandum In Support of PNC Bank, National Association's Motion for Summary Judgment, exhibits and proposed order was filed via CM/ECF and served by U.S. Mail, postage prepaid, first class to the following:

> Rickey Nelson Jones, Esquire
> Law Offices of Reverend Rickey Nelson Jones
> 3rd Floor--Suite 5
> 1701 Madison Avenue
> Baltimore, Maryland 21217
>
> Attorney for Plaintiff

> /s/ Michael S. Barranco
> Michael S. Barranco