## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GENESIS OFFICE SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No.: PJM 14-** |
| | * | **2704** |
| | * | |
| **PNC BANK, NATIONAL ASSO.** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S RULE 60 MOTION FOR RECONSIDERATION

Background

On Monday, June 15, 2015, a hearing was held in this court on the parties' motions for summary judgment.  The court granted Defendant's motion and denied Plaintiff's motion.

**Defendant** essentially argued that [1] Plaintiff's tax returns showed that the Certificate of Deposits ("CD"), upon which the present lawsuit were based, were removed from the company to pay debts; [2] Plaintiff's CEO referred Defendant to its tax preparer during the deposition due to not recalling information about the CDs; [3] Plaintiff did not get any CD Statements from the bank for 12 years; [4] the Statute of Limitations bar Plaintiff's lawsuit, and [5] the Plaintiff was being dishonest.

**Plaintiff** argued that [1] name calling my Defendant's counsel did not change facts; [2] Plaintiff's tax preparer said the CDs were used for debts but that was NOT the same as redeeming the CDs with the bank; [3] the Plaintiff was in debt to the CEO beyond what the CDs were worth (See. CEO's sworn Affidavit), and hence, they were removed from the company's tax statements to accurately reflect the company's financial status; [4] the Plaintiff was a family company and the CEO had, for years, personally poured his own finances into the corporation; [5] when the company was in need financially in 2014, the CEO went to the bank on behalf of the company to redeem the CDs which had been "put away" for years (i.e., he returned the CDs to the company); [6] when the original CDs were presented, Defendant refused to return Plaintiff's funds in direct violation of Maryland Commercial Law Article, Sec. 3-104(j); [7] the company filed lawsuit against Defendant for conversion; [8] what the CEO did (i.e., in returning the CDs to the company) was 100% consistent with his years of supporting the corporation with his personal finances (such kindness was again reflected in 2010 when he lent the company $100,000, as reflected in its 2010 tax return); [9] whatever Plaintiff's did with its internal tax returns has nothing to do with Defendant keeping over $110,000.00 of a corporation's funds without the original Certificates, without any signature proving redemption, without valid records of redemption, and without any external or internal regulation permitting redemption without documentary proof of such,

and [10] nearly 100 years of Maryland Law establishes that the bar of the

Statute of Limitation is removed when there is acknowledgment of a subsisting

debt, and since the CDs were automatically renewed as a legal promise to return

Plaintiff's funds, the Statute of Limitations did not operate in this case.

<u>Argument</u>

     Rule 60(b) of the Federal Rules of Civil Procedure permits a court to

relieve a party from a final judgment for any reason that justifies relief.   Courts

have recognized three limited grounds for granting a motion for reconsideration:

[1] to accommodate an intervening change in controlling law, [2] to account for

new evidence not previously available, or [3] to correct clear error of law or

prevent manifest injustice.  <u>See</u>. <u>United States ex rel. Becker v. Westinghouse</u>

<u>Savannah River Co.</u>, 305 F.3d 290 (4th Cir. 2002)[citing <u>Pacific Ins. Co. v. Am.</u>

<u>Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998]).

     Reason number [3] governs in this case due to an error of law and the

need to prevent manifest injustice.  Each will be addressed below based on the

court's expressed position during the June 15, 2015 hearing.

     The court expressed its belief that the Statute of Limitations control this

case since so much time had passed, risking lost records, witnesses, etc.

However, Maryland Law is the exact opposite of this position when there is

"acknowledgment of a subsisting debt."   In <u>Doughty v. Bayne</u>, 222 Md. 361,

160 A.2d 609 (1960), the court held that where a person admits the possibility

of indebtedness and later refuses to pay because of a lack of money, there is sufficient acknowledgment of a subsisting debt to remove the bar of the Statute of Limitations.  It said, "In Maryland, unlike most other states, an acknowledgment of a subsisting debt is sufficient to remove the bar of the statute." Id. at 365.  Also, it said, "However, it has long been the rule that an acknowledgment revives the remedy and avoids the operation of the statute." Id. at 364.  As early as 1928, this law was governing in Maryland.  In Knight v. Knight, 155 Md. 243, 141 A. 706 (1928), the court held that when a debtor states to his creditor that as soon as he sells his business, he intends to pay him every cent owed him and would settle with him, that was sufficient acknowledgment of debt to remove the bar of the Statute of Limitations. Maryland case law is unmistakable; acknowledgment of subsisting debt removes the bar of the Statute of Limitations, and any difficulty with proof, witnesses, etc. does not alter the law.   According to the governing language on the back of the CDs (Exhibit "A-i" of Plaintiff's Motion for Summary Judgment), fourth paragraph, the CDs are **automatically renewed.**  Since according to Maryland Commercial Law Article, Sec. 3-104(j), "Certificate of deposit means an instrument containing an acknowledgment by a bank that a sum of money has been received by the bank and a **promise** by the bank to repay the sum of money…." (emphasis added), Defendant's obligation to Plaintiff is undeniable.   The automatic renewal provision in the CDs made them

timeless.   The only exception in the terms of the CD was if the bank sent notice to Plaintiff accordingly, and it did not.   The Defendant (as a bank) had a clear obligation to <u>keep</u> records on the CDs for as long as the promise in them governed, and its failure to do so cannot become an "albatross around the neck" of Plaintiff.   Furthermore, Plaintiff could not possibly have records Defendant failed to send it.   This court's expression of the Statute of Limitations governing herein and decision to permit Defendant to keep over $110,000.00 of Plaintiff's corporate funds countered "the letter" of Maryland Case Law and Maryland Statute.

The court expressed grave questions about the difference between using CDs to meet debts and redeeming the CDs with the bank.   It also seemingly believed Defendant's counsel's false allegations about dishonesty by the Plaintiff.   This is very unfortunate.   When Mr. Ron Hawkins, as the CEO of Plaintiff, went to Defendant/bank to redeem the CDs in 2014 to help the family corporation, he in essence returned the CDs to the company to benefit it.   He has done this for decades with the family company (<u>See</u>. his sworn Affidavit), and there was nothing unusual about him sacrificing again.   Defendant's arguments about Plaintiff not getting CD Statements OR not doing taxes like Defendant thinks they should be done OR not inquiring about the CDs, are all irrelevant in this case.   The governing language on the back of the CDs does not make inquiring about them or receiving statements about them a condition

of redemption.   Defendant made "loud" arguments about these matters BUT did not refer to the governing language on the CDs, which Plaintiff's counsel did in fact reference during the hearing.   Concerning the tax statement, that was already addressed, and in essence, was an accurate reflection at that time of the company's financial status, namely, in debt to the CEO beyond the value of the CDs and hence could not remain on the company's books.   It is manifest injustice to deprive a corporation of its $110,000.00 because the CEO showed kindness by returning the CDs to the family business.   How can non-inquiry about CDs produce losing the funds they secure?   Yes, if the CEO had [1] not "put away" his CDs upon receipt, [2] not forgotten about them due to the success of the company, and [3] not failed to inquire about them over the course of years, this case would be simple.   However, none of those things are crimes or in violation of the CD terms.   The CDs were never redeemed so taxes on the funds were not paid (which would have been done upon redemption).   Hence, there is nothing against the law, statute, or finance regulations condemning the Plaintiff herein.   The Defendant's position is without support in law or fact. Over one hundred and ten thousand dollars of Plaintiff's funds were "given" to Defendant by this court's decision on June 15, 2015, and Plaintiff has no option but to challenge what it views as manifest injustice via all procedural means available.

**WHEREFORE,** Plaintiff respectfully requests

[1]    that Summary Judgment entered for Defendant be reversed,

[2]    that Summary Judgment be entered for Plaintiff,

[3]    that a hearing on this matter be scheduled to fully review all

documentation referenced by Plaintiff in this motion for reconsideration,

and

[4]    such other and further relief as the court deems necessary.

## ALTERNATIVELY,

[I]    that all motions for summary judgment be DENIED,

[II]    that a date be set for a pre-trial conference and trial, and

[III]   such other and further relief as the court deems necessary.

_____/s/_____
Rickey Nelson Jones
Law Offices of Reverend Rickey
        Nelson Jones, Esquire
3rd  Floor — Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
joneses003@msn.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

Genesis Office Systems, Inc., hereby gives notice that on this 18th day of

June, 2015, it served (via CM/ECF) "Plaintiff's Rule 60 Motion for

Reconsideration" on Defendant's counsel of record – Michael S. Barranco,

TREANOR POPE & HUGHES, PA., 500 York Road, Towson, Maryland

21204.

_____/s/_____
Rickey Nelson Jones

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GENESIS OFFICE SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No.: PJM 14-** |
| | * | **2704** |
| | * | |
| **PNC BANK, NATIONAL ASSO.** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ORDER

Upon the "Plaintiff's Rule 60 Motion for Reconsideration," it is this

_____ day of _____, 2015, by the United States

District Court for the District of Maryland

ORDERED that

[1]   Summary Judgment be, and hereby is, REVERSED & VACATED, for

the Defendant, and

[2]   Summary Judgment be, and hereby is, GRANTED to the Plaintiff, with

all requested damages.

_____
JUDGE

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GENESIS OFFICE SYSTEMS, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No.: PJM 14-** |
| | * | **2704** |
| | * | |
| **PNC BANK, NATIONAL ASSO.** | * | |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ORDER

Upon the "Plaintiff's Rule 60 Motion for Reconsideration," it is this

_____ day of _____, 2015, by the United States

District Court for the District of Maryland

ORDERED that

[1]    Summary Judgment be, and hereby is, REVERSED & VACATED for

the Defendant,

[2]    the parties' motions for summary judgment be, and hereby is,

DENIED,

[3]    pre-trial conference is set for the __ day of _____, 2015, and

[4]    trial is set for the _____ day of _____, 2015.

_____
JUDGE